REQUESTED BY: Senator Chip Maxwell Nebraska State Legislature
You have requested our opinion regarding the constitutionality of the legislation proposed in LB 660, with AM0301, and LB 709. Your opinion request letter indicates that both bills are being challenged as unconstitutional under the holding in State ex rel. Stenberg v. Moore,249 Neb. 589, 544 N.W.2d 344 (1996). Your correspondence further indicates LB 660 is being "challenged as an unconstitutional encroachment on the sovereignty of the state board of education." Our response to your inquiry is set forth below.
 PROPOSED LEGISLATION
LB 660 would prohibit the Legislature and state agencies from mandating programs or activities for school districts providing elementary or secondary education unless adequate funding mechanisms are provided for such mandated programs or activities. An adequate funding mechanism "may include, but need not be limited to, legislative appropriations or authorization for affected districts to charge fees or to exceed statutory budget or levy limits to fund such mandated program or activity." The amendment you have provided us, AM0301, would require a state agency to specifically disclose the source and amount of the funding for the mandated program or activity.
LB 709 would add similar language to the Nebraska Health and Human Services System Act, Neb. Rev. Stat. § 81-3001 et seq.:
* * *
 (2) Any statute passed by the Legislature that imposes a mandate upon local or tribal governments or the private sector shall include an appropriation of state funds by the Legislature to adequately fund such mandate.
 (3) Any rule or regulation adopted and promulgated by any of the departments that imposes a mandate upon local or tribal governments or the private sector shall include a specific disclosure by the department of the source and amount of the funding appropriated by the Legislature specifically to fund such mandate.
 (4) For purposes of this section, mandate means any provision in statute, rule, or regulation which (a) imposes an enforceable duty upon local or tribal governments or the private sector and (b) causes such government or the private sector to incur additional costs in order to comply with such duty.
 ANALYSIS
Our analysis begins with a discussion of the decision in State ex rel. Stenberg v. Moore, 249 Neb. 589, 544 N.W.2d 344 (1996). State ex rel. Stenberg was an original action in which the Attorney General sought a declaratory judgment of the constitutionality of LB 507 (1993 Neb. Laws LB 507), codified at Neb. Rev. Stat. §§ 50-129 and 50-130 (Reissue 1993).[1]
LB 507 imposed certain requirements on the Legislature relating to future legislation projected to increase inmate populations in the state's correctional facilities:
 (1) When any legislation is enacted after June 30, 1993, which is projected in accordance with this section to increase the total adult inmate population or total juvenile population in state correctional facilities, the Legislature shall include in the legislation an estimate of the operating costs resulting from such increased population for the first four fiscal years during which the legislation will be in effect.
* * *
 (3) The Legislature shall provide by specific itemized appropriation, for the fiscal year or years for which it can make valid appropriations, an amount sufficient to meet the cost indicated in the estimate contained in the legislation for such fiscal year or years. The appropriation shall be enacted in the same legislative session in which the legislation is enacted and shall be contained in a bill which does not contain appropriations for other programs.
 (4) Any legislation enacted after June 30, 1993, which does not include the estimates required by this section and is not accompanied by the required appropriation shall be null and void.
 (5) For purposes of this section, operating costs shall include only adult inmate and juvenile per diem and medical expenses.
LB 507 further required that the funds appropriated as set forth above be reserved and used as contingency funds by the Department of Correctional Services. The contingency funds would be placed in a separate budget program under the control of the Department of Administrative Services, and could be transferred only after written certification by the Director of Correctional Services that the original appropriation had been exhausted.
 The Relator argued that LB 507 was unconstitutional because it would render future legislation null and void if it did not include the required estimates and appropriations. The Relator further argued that LB 507 violated Neb. Const. art. III, §§ 1, 13
and 14, by impermissibly binding future legislatures and imposing additional requirements on future legislatures for valid enactment of legislation beyond the requirements established in the Constitution.
State ex rel. Stenberg, 249 Neb. at 593.
Nebraska Constitution, art. III, § 1 provides, in relevant part:
 . . . [T]he legislative authority of the state shall be vested in a Legislature consisting of one chamber. . . .
Nebraska Constitution, art III, § 13 provides:
 The style of all bills shall be, Be it enacted by the people of the State of Nebraska, and no law shall be enacted except by bill. No bill shall be passed by the Legislature unless by the assent of a majority of all members elected and the yeas and nays on the question of final passage of any bill shall be entered upon the journal.
Nebraska Constitution, art. III, § 14 provides, in relevant part:
 . . . No bill shall contain more than one subject, and the same shall be clearly expressed in the title. And no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed. . . .
State ex rel. Stenberg was the first case in which the Nebraska Supreme Court addressed one legislature's attempts to bind or restrict succeeding legislatures:
 One legislature cannot bind a succeeding legislature or restrict or limit the power of its successors to enact legislation, except as to valid contracts entered into by it, and as to rights which have actually vested under its acts, and no action by one branch of the legislature can bind a subsequent session of the same branch. . . .
Id. (citing 82 C.J.S. Statutes § 9 at 24-25 (1953)). Ultimately, in State ex rel. Stenberg, the court held LB 507 to be unconstitutional.
LB 660 states that the Legislature shall not mandate any program or activity for school districts providing elementary or secondary education unless the Legislature provides an adequate funding mechanism for such program or activity. LB 709 requires that any statute or rule or regulation that imposes a mandate upon local or tribal governments or the private sector must be funded with an appropriation of state funds. Both bills seek to impose a requirement on this and future Legislatures that is not enumerated in the Constitution.
 CONCLUSION
Based on the foregoing, we believe that LB 660 and LB 709 are unconstitutional because both bills would attempt to bind or restrict the authority of future legislatures from exercising their legislative power. In view of our response to your initial question, it is not necessary for us to address the remaining question presented in your opinion request.
Sincerely,
 JON BRUNING Attorney General
 Leslie S. Donley Assistant Attorney General
Approved by:
_________________________________ Attorney General
pc: Patrick J. O'Donnell Clerk of the Legislature
[1] See also Op. Atty. Gen. No. 93-040 (May 20, 1993) for our prior discussion regarding the constitutionality of LB 507.